UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE SHINDLEDECKER,

Plaintiff,

v. Case No: 2:13-cv-604-FtM-DNF

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**OPINION AND ORDER**

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on August 19, 2013. Plaintiff, Jane Shindledecker seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A. Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

**B. Procedural History**

On December 30, 2009, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income alleging a disability onset date of October 21, 2009. (Tr. p. 122-133). Plaintiff's application was denied initially on June 2, 2010, and denied upon reconsideration on August 31, 2010. (Tr. p. 90-97, 108-113). A hearing was held before Administrative Law Judge Larry J. Butler ("ALJ") on October 18, 2011. (Tr. p. 22-42). The ALJ issued an unfavorable decision on March 22, 2012. (Tr. p. 11-17). On July 16, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-3). The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on August 19, 2013. This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

**C. Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to

the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x. 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2011. (Tr. p. 11, 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 21, 2009, the alleged onset date. (Tr. p. 13). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: degenerative joint disease of the lumbar spine, radiculopathy, high blood pressure, and history of mitral valve prolapse, citing 20 C.F.R. §404.1520(c) and 416.920(c). (Tr. p. 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. p. 14). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work. (Tr. p. 14). He further found that Plaintiff can occasionally climb ramps, stairs, ladders, ropes and scaffolds; balance; stoop; kneel; crouch; and crawl; is limited to frequently reaching in all directions with her right upper extremity; and, should avoid concentrated exposure to vibration and environmental hazards such as machinery and heights. (Tr. p. 14). The ALJ determined that Plaintiff could return to her past relevant work as a superintendent, maintenance of equipment because this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. (Tr. p. 16). The ALJ determined that there are other jobs existing in the national economy that Plaintiff is able to perform and therefore made alternative findings for step five of the sequential evaluation. The ALJ determined that Plaintiff is approaching advanced age, has at least a high school education,

is able to communicate in English, and the transferability of job skills is not material. (Tr. p. 16). After considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that there are jobs that exist in the national economy that Plaintiff can perform. (Tr. p. 17). Applying the Medical-Vocation Guidelines ("Grids"), the ALJ determined that based upon the Grids, the Plaintiff is not disabled. (Tr. p. 17). The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from October 21, 2009 through the date of the decision. (Tr. p. 21).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are:

1) Whether the ALJ committed reversible error by finding Plaintiff could return to her past relevant work as a superintendent, maintenance of equipment when there is no evidence Plaintiff ever worked in such a position; and,

2) Whether the ALJ should have obtained testimony from a Vocational Expert to determine the impact Plaintiff's non-exertional limitations have on the occupational base.

**A. Past Relevant Work**

The ALJ determined that Plaintiff's past relevant work was as a superintendent, maintenance of equipment which had a DOT code of 184.167-178, with a level of skilled work (SVP 8), requiring sedentary exertion. (Tr. p. 16). The Plaintiff argues that her past relevant work was not as a superintendent, maintenance of equipment, and the ALJ erred in determining that superintendent, maintenance of equipment was her past relevant work.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010).[1] (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing she can

---

1 Unpublished opinions may be cited as persuasive on a particular point. The court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the eleventh Circuit Rules. 11th Cir. R. 36-2.

no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982).[2] A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

In the instant case, Plaintiff described her past relevant work as "customer service adjuster claims (in office)", describing her duties as making telephone calls all day and making sure that the shops fixing the vehicles were going by the guidelines. (Tr. p. 180, 146). At the hearing, Plaintiff testified unclearly in response to questions asked by her attorney that she has licenses, but cannot go out and adjust a claim, yet testified that she had done some "adjustment of claims, right." (Tr. p. 27). She also testified that she had education or training in customer service. (Tr. p. 27). The description in the Dictionary of Occupation Titled ("DOT") for superintendent, maintenance of equipment DOT Code 184.167-178 is as follows:

> Directs and coordinates activities of workers engaged in servicing and repairing buses, trolley cars, or other operating vehicles of busline or railway transit system:

---

2 "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

> Establishes policies for inspection, maintenance, and repair of vehicles. Supervises subordinate supervisors who assign and direct activities in servicing and repairing equipment. Authorizes and arranges for purchasing supplies, tools, and machinery. Consults with officials of operating and servicing divisions on vehicle replacement needs. May investigate and evaluate cause and extent of damage to vehicles involved in accidents.

DOT Code 184.167-178.

First, the Court determines that the ALJ failed to include in his decision any discussion of the duties of the Plaintiff's past relevant work. At the hearing, the ALJ failed to elicit any testimony as to the duties and responsibilities of Plaintiff's past relevant work. The record itself only contains three areas where the duties of Plaintiff's past relevant work were mentioned which were that Plaintiff was in an office as a customer service adjuster of claims which entailed being on the telephone all day making sure repair shops were following certain guidelines, and the Plaintiff had some licenses for insurance work. Even assuming that these descriptions in the record are sufficient, the ALJ failed to include in his Decision any discussion of Plaintiff's duties.

The ALJ's failure to determine or consider the duties of Plaintiff's past relevant work is clear in his choice of Plaintiff's past relevant work as "superintendent, maintenance of equipment." The description of the duties of a superintendent, maintenance of equipment include directing and coordinating the activities of workers engaging in serving and repairing busses, trolley cars or other vehicles in a transit system. DOT Code 184.167-178. This person establishes policies for inspection, maintenance and repair of vehicles, supervises others, authorizes purchases of supplies, tools and machinery and consults with others for servicing of the vehicles. *Id*. The Commissioner argues that Plaintiff's past relevant work can be categorized as superintendent, maintenance of equipment because that job entails "may investigate and evaluate cause and extent of damage to vehicles involved in accidents." *Id*. From the small amount of information in the

record, it appears that Plaintiff made telephone calls for most of her day to repair shops to find out if certain guidelines were met. None of these job duties compare to a superintendent, maintenance of equipment.

The Commissioner argues that whether Plaintiff worked in a specific position as a superintendent, maintenance of equipment is irrelevant, but rather the Court must consider whether Plaintiff was able to perform the kind of work that was her past relevant work citing *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). In the instant case, the superintendent, maintenance of equipment job description is not the "kind" of work that Plaintiff performed. The Commissioner also asserts that it is Plaintiff's burden to show that she cannot perform her past relevant work. This statement is correct, however, the ALJ failed to properly determine Plaintiff's past relevant work, therefore, Plaintiff would be unable to meet her burden. The Court determines that the ALJ erred in determining that Plaintiff's past relevant work was as a superintendent, maintenance of equipment.[3]

**B. Vocational Expert**

Plaintiff argues that the ALJ erred in failing to elicit the testimony of a vocational expert when finding that Plaintiff is able to perform other jobs in the national economy. Plaintiff asserts that the ALJ erred in relying solely on the Medical-Vocational Guidelines ("grids") to determine whether Plaintiff was able to perform a full range of work at a given residual functional capacity ("RFC"). "The general rule is that after determining the claimant's RFC and ability or inability

---

3 The Commissioner argues that the ALJ properly determined that Plaintiff could return to her past relevant work as a superintendent, maintenance of equipment because a prior ALJ found in 2009 that Plaintiff had the past relevant work as an insurance adjustor and pursuant to the DOT, duties of a the superintendent, maintenance of equipment include "inspect[ing] property damage to determine extent of company's liability . . ." (Doc. 23, p. 5). However, the ALJ in this case did not mention the prior opinion and failed to indicate any job duties of Plaintiff's past relevant work in his opinion.

to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). An ALJ may not exclusively rely on the grids when the "'claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id*. (citations omitted).

The Court notes that the ALJ determined that Plaintiff could perform light work with limitations including occasionally climbing ramps, stairs, ladders, ropes and scaffolds, balancing; stooping; kneeling; crouching; and crawling; is limited to frequently reaching in all directions with her right upper extremity, and should avoid concentrated exposure to vibration and environmental hazards. (Tr. p. 14). The ALJ did not determine that Plaintiff could perform a **full range** of light work. A full range of employment is when a plaintiff is able to do "unlimited types of work at a given exertional level." *Phillips*, 357 F.3d at 1242 (quotation marks and citations omitted). The ALJ failed to make any finding that Plaintiff was able to perform a full range of light work with her impairments, and if Plaintiff is unable to perform a full range of unlimited types of work at the light exertional level, then the ALJ must consult with a vocational expert to determine whether there are sufficient jobs in the national economy that Plaintiff can perform. *See*, *Id*., *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

The ALJ must also determine the extent of Plaintiff's non-exertional limitations and how these affect her ability to perform light work. When considering non-exertional limitation, an ALJ determines if the nonexertional impairments significantly limit her basic work skills. *Id*. at 1243 (citations omitted). The Eleventh Circuit has determined that "significantly limit basic work skills" means that a claimant is unable to perform a wide range of work at a given work level. *Id*. (citations omitted). The Commissioner argues that Plaintiff's non-exertional limitations "do not

appear" to significantly limit her ability to perform basic work skills, and that her inability to reach was also not significant in eliminating a large number of jobs that Plaintiff could perform. But, the Commissioner also "recognizes that the ALJ's step-five finding does not discuss the impact of Plaintiff's non-exertional limitations on her ability to perform basic work activities." (Doc. 23, p. 10). In the instant case, the ALJ failed to specifically determine whether any of Plaintiff's exertional and non-exertional limitations prohibited her from performing a full range of light work or significantly limited her ability to perform basic work skills. In addition, the ALJ failed to articulate specific jobs that Plaintiff was able to perform in the national economy. *See, Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

The Court finds that the ALJ erred in determining that Plaintiff's past relevant work was as a superintendent, maintenance of equipment. The ALJ also erred in his step 5 analysis by failing to determine if Plaintiff's impairments limited her ability to perform a full range of light work, and if not, then the ALJ erred in failing to obtain a vocational expert. The ALJ also erred in failing to articulate specific jobs that Plaintiff is able to perform in the national economy.

**III. Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider whether Plaintiff's residual functional capacity will allow her to return to her past relevant work, and if not, to proceed to step 5 of the sequential evaluation and retain a vocation expert, if necessary. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on May 2, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties